HUGH PARKER V. THE STATE.

No. 21378. Delivered January 15, 1941.

Rehearing Denied February 26, 1941.

The opinion states the case.

*Walter E. Gates,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the county court of San Saba County for violation of the liquor laws, and assessed a fine of $100.00.

Bill of exception No. One complains of a question asked the defendant on cross examination, in which the prosecuting attorney said, "Do you mean to tell this jury that you have never been in trouble before and that you were not tried for bootlegging in this court the other day?" Over appellant's objection, he was compelled to answer that he had never been in trouble

until this case, or the other case which was tried the first week. He said, "they tried me then for bootlegging." On direct examination appellant testified in his own behalf and said, "I am thirty years old. I have not been in trouble before." On cross examination the attorney asked him the question herein complained of. We think the statement made voluntarily was sufficient basis for cross examination. The bill is overruled.

By Bill of exception No. Two complaint is made of the argument of the county attorney wherein he said that he sometimes thought a jury knows as much as the officers do about these bootleggers; that if they did it would not be necessary to argue the case, "but we have to tell the jury in our argument what the facts are." It is not stated in the bill of exception that the attorney told them any facts or what facts he did tell, if any. Therefore, we are unable to see that any harm resulted. The attorney would be at liberty to tell the jury what the facts were provided he quoted the testimony in the case. So far as we are able to determine, this was done. The bill is overruled.

By bills of exception Nos. Three and Four it is stated:

"Be it remembered that upon trial of the above entitled and numbered cause that the County Attorney in his closing argument to the jury made the following remarks, to-wit: 'This bootlegger' ".

Also:

"Be it remembered that upon trial of the above entitled and numbered cause that the County Attorney in his closing argument to the jury made the following remarks, to-wit: 'Poor unfortunate wretch' ".

We find nothing in the bills or in the record which explains who the attorney was talking about in either case or how it was applied to him. Without this we are unable to appraise the harm which might have been done.

Bill of exception No. Five complains of the closing argument of the county attorney in which he said that Mr. Morris had testified that he saw the defendant with a paper bag full of liquor; saw him set it down and walk away a few steps and that his testimony was corroborated by the sheriff of this county. Appellant presents that this was inflammatory and prejudicial and that it was not corroborated by the sheriff as disclosed by the sheriff's testimony.

We see nothing inflammatory or prejudicial in the statement further than the evidence itself which was before the jury. Mr. Morris did so testify. The sheriff's testimony referring to the appellant was to the effect that when he first saw him he had stopped as he came up the hill and coming towards the house that appellant met Mr. Morris; that Hugh Parker had five one-half pints of liquor in his arms and that he took the liquor and kept the same as sheriff and produced the same on the witness stand. The sheriff further says, "I saw him as he stopped and stooped over like he was going to set something down. I saw him stop and in a stooping position. I can't say that I saw the sack under his arm. I am not telling the jury that I saw him with this sack."

The witness Morris testified that he saw appellant coming up the hill; that he had the sack of whisky and that he stopped and stooped down as if to leave it and walk away. Morris, an officer, then approached him and took charge of both the man and his cargo.

It occurs to us the the sheriff's testimony is corroborative of that given by Morris and that the prosecuting attorney was warranted in so stating.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant's motion is but a repetition of matters that were considered and passed upon in our original opinion. These matters were thus satisfactorily disposed of, so we think, in the original opinion, and the motion is therefore overruled.